[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE REVISED PRAYER FOR RELIEF(#112)
The following allegations are taken from the plaintiff's complaint and the revised counterclaim filed by the defendant, Delice Cayo. On May 28, 1985, Jeffrey Brown (not a party to this action) executed a mortgage in favor of the defendant, People's Bank (the 1985 mortgage). On June 27, 1986, Brown executed a mortgage in favor of the plaintiff, Bridgeport Police Federal Credit Union (the 1986 mortgage). On May 22, 1987, People's Bank released the 1985 mortgage and Brown executed another mortgage in favor of People's Bank (the 1987 mortgage). Subsequently, People's Bank foreclosed on the 1987 mortgage but failed to join the plaintiff as a defendant to the proceeding. On September 24, 1993, People's Bank quitclaimed the premises to Cayo. On October 19, 1993, Cayo executed a mortgage on the premises in favor of People's Bank.
On April 8, 1994, the plaintiff filed the present action to foreclose on the 1986 mortgage (executed by Brown). Named as defendants are People's Bank and Cayo. The plaintiff alleges that the 1987 mortgage held by People's Bank is subsequent in time to the plaintiff's interest (the 1986 mortgage) which is the subject of the present foreclosure action.
On May 20, 1994, Cayo filed an answer, special defense and two-count counterclaim. In the first count, Cayo alleges that the proceeds of the 1987 mortgage were used to satisfy the 1985 mortgage and that the 1987 mortgage was intended to replace the 1985, mortgage as the "first mortgage" on the premises. Cayo contends that as successor in title to People's Bank, she is entitled to exercise the foreclosure and subrogation rights of priority which People's Bank had conveyed to her. In the second count, Cayo claims that the mortgage executed in favor of the plaintiff (the 1986 mortgage) is subsequent in priority to her interests in the premises. In a revised prayer for relief filed CT Page 10869 on August 19, 1994, Cayo seeks, inter alia, a declaratory judgment, a strict foreclosure of the 1987 mortgage as against the plaintiff, and attorneys' fees pursuant to General Statutes § 52-249.
On September 15, 1994, the plaintiff filed a motion to strike paragraphs two and three of Cayo's revised prayer for relief and a supporting memorandum of law. Cayo filed a memorandum in opposition dated September 29, 1994.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim . . . to state a claim upon which relief may be granted, or (2) the legal sufficiency of any prayer for relief . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152;Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike admits all well pleaded facts; Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985); which are then construed in the light most favorable to the pleader. Blancatov. Feldspar, 203 Conn. 34, 36, 522 A.2d 1235 (1987).
The plaintiff moves to strike paragraph two of Cayo's revised prayer for relief on the ground that a counterclaim is not the proper pleading for initiating a foreclosure claim pursuant to General Statutes § 49-30. In response, Cayo argues that the failure by People's Bank to foreclose the 1986 mortgage, which Cayo alleges is subordinate to her mortgage, is properly cured by her bringing the present foreclosure action pursuant to § 49-30. Cayo further argues that Practice Book § 116 authorizes a defendant to raise such a counterclaim in equity against the plaintiff.
Foreclosure is an equitable proceeding. Reynolds v. Ramos,188 Conn. 316, 320, 449 A.2d 182 (1982). Practice Book § 116 provides in pertinent part:
 Supplemental pleadings showing matters arising since the original pleading may be filed in actions for equitable relief by either party. In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction CT Page 10870 or one of the transactions which is the subject of the plaintiff's complaint. . . .
The plaintiff has failed to cite any legal authority in support of its argument that paragraph two of Cayo's revised prayer for relief is legally insufficient. Further, General Statutes §49-30 does not contain any language which prohibits Cayo from raising her foreclosure claim by way of a counterclaim. Since a foreclosure action is an equitable proceeding and equitable claims may be raised by way of a counterclaim, paragraph two of Cayo's revised prayer for relief is legally sufficient. Accordingly, the plaintiff's motion to strike paragraph two is denied.
The plaintiff moves to strike paragraph three of Cayo's revised prayer for relief on the ground that Cayo is not entitled to seek attorneys' fees because Cayo has not properly commenced her foreclosure action. General Statutes § 52-249(a) provides in pertinent part that the party asserting the claim "in any action of foreclosure of a mortgage or lien . . . shall be allowed the same costs, including a reasonable attorney's fee. . . ."
Since Cayo has properly commenced a foreclosure claim she may properly seek reasonable attorney's fees pursuant to General Statutes § 52-249(a). Thus, the plaintiff's motion to strike paragraph three of Cayo's revised prayer for relief is denied.
BALLEN, J.